*B. F. Gregory*, *J. Harper*, and *J. McCabe*, for appellant.

*L. T. Miller* and *J. M. Butler*, for appellee.

---

### WHITEHALL *v.* CRAWFORD ET AL.

PRACTICE.—*Agreed Statement of Evidence.*—Where the title of the case is given in an agreement that certain facts shall go to the jury as admitted without the introduction of record evidence thereof, and this is signed by the plaintiffs and some of the defendants, and a defendant whose name is not signed is present in court and does not object to the introduction of the agreement in evidence, he cannot afterward be permitted to make the objection.

JUDGMENT.—*Without Relief.—Fraud.*—Where judgment creditors sue to recover of the defendant the value of property fraudulently sold to him by the judgment debtor, to defeat their claims, judgment in their favor cannot be rendered without relief from valuation or appraisement laws.

APPEAL from the Fountain Common Pleas.

BUSKIRK, J.—This action was brought by George Crawford and thirty-six others, against the appellant, Phillip A.

B. Kennedy, Monroe M. Milford, Phocian S. Hicks, and John H. Hoffman. The complaint averred, in substance, that the plaintiffs had obtained separate judgments for certain specified sums against the defendant Kennedy; that executions had been issued thereon and returned not satisfied for want of property on which to levy; that the said Kennedy had no property out of which the said judgments could be made in whole or in part; that the said judgments were unsatisfied in whole or in part; that the said Kennedy was engaged in the drug business, in Attica, Fountain county, Indiana; that the said Kennedy was indebted to the plaintiffs for goods by them sold to him in the said business; that the said Kennedy, for the purpose of cheating and defrauding the plaintiffs out of said debts, conspired, combined, and confederated with the other defendants, and made a fraudulent transfer of the said stock of goods and the fixtures to the said other defendants; that said other defendants had full knowledge of the indebtedness of the said Kennedy to the plaintiffs, and of his intention to cheat and defraud them, and made the said fraudulent purchase with the view, and for the purpose of aiding and assisting in the perpetration of the said fraud; that the said defendants, other than Kennedy, took possession of the said stock of goods, and sold and disposed of the same, and converted the same and the proceeds thereof to their own use; that the said drugs were of the reasonable value of six thousand dollars; that the same were so scattered and disposed of that they could not be identified and levied upon; and that the said defendants never paid any part of the value of the said goods to the said Kennedy or any other person. The prayer of the complaint was for a judgment declaring the said sale to be illegal and fraudulent as to the plaintiffs, and for the value of the said goods so wrongfully converted.

All the defendants answered by a denial, and the appellant filed an additional paragraph, alleging that he had purchased the said stock of goods in good faith and for a valuable consideration.

The cause was tried by a jury, who found for Milford, Hicks and Hoffman, and against Kennedy and the appellant. The jury, also, in answer to special interrogatories, found the dates and amounts of the judgments in favor of the plaintiffs and against Kennedy. The jury also found the following facts:

19. That the demands of the plaintiffs were due and owing to them, on or before the 1st day of November, 1865.

20. That all of the demands of the plaintiffs were reduced to judgments, and that executions had been issued thereon, and returned no property found whereon to levy before the commencement of this action.

21. That Alexander L. Whitehall knew, when he took the property of Philip A. B. Kennedy, mentioned in the complaint, that Kennedy was conveying the same to defraud his creditors, the plaintiffs, and that Whitehall accepted the same with intent to defraud said creditors.

22. The property received by Whitehall from Kennedy was of the value of three thousand six hundred and thirty-seven dollars and eighty-seven cents.

23. That Kennedy had no property, either real or personal, out of which plaintiffs' claims could be paid.

The court, over a motion for a new trial, rendered judgment on the verdicts. The court rendered a judgment in favor of plaintiffs, and against the appellant, for three thousand six hundred and thirty-seven dollars and eighty-seven cents, and that the same should be collectible without relief from the valuation or appraisement laws. After the rendition of the judgment, the appellant moved the court to modify the said judgment so as to provide that the same should be collected with relief, which motion the court overruled. Proper exceptions were taken to all these rulings. Whitehall alone appeals.

Only three of the errors assigned can be considered by this court; first, overruling motion for a new trial; second, the giving of instructions one, two, and three; third, overruling motion to modify the judgment.

The evidence is properly in the record. We have read and duly considered all the evidence, and entertain no doubt that the findings of the jury were fully sustained thereby. The evidence would have justified a finding for a much larger sum. It seems to us that the appellant should be entirely satisfied with the general verdict, as it is far more favorable than he had any right to expect or demand.

But it is maintained that there was no evidence as to the indebtedness of Kennedy to the plaintiffs, that was binding upon the appellant. There was an agreed statement of facts which was read in evidence, but it is insisted that such evidence was only binding on Hoffman, for the reason that it was signed only by him. The agreement was properly entitled as to the parties and the court. It then contains an agreement as to the dates and amounts of the judgments in favor of the plaintiffs and against Kennedy, and that the same should be read in evidence in the place of the records. It was signed by Buchanan and Davidson, attorneys for plaintiffs, and John H. Hoffman, defendant. The appellant was in court in person and by attorneys, and the agreed statement of facts was read in evidence without objection. If the appellant had any objection to the admission of the agreement in evidence, then was the time for him to speak. Having remained silent when he should have spoken, it would be a fraud upon the court below and the plaintiffs, and a reproach to the administration of justice, to permit the appellant, for the first time, to insist in this court that he was not a party to the agreement. His name was mentioned in the agreement as a party. The agreement was made by the parties to save time and to avoid the production of the record evidence of thirty-seven judgments, and was read without objection. The law, as well as sound morals, requires that the utmost good faith should be maintained by all persons engaged in the administration of justice. When an agreement is once made, it should be honestly and faithfully executed, or if any attorney finds that he has made an agreement prejudicial to the interest of his client, he should go to his adversary and inform him that he

Whitehall *v.* Crawford *et al.*

will not stand by his agreement. If this course had been pursued in this case, the plaintiffs would have produced the record evidence, but it was not done. The appellant and his attorneys remained silent and permitted the agreement to be read without objection. His objection cannot be heard in this court. We are of the opinion that the agreement is properly in the record.

We have examined the instructions given and those refused, and are of the opinion that the court committed no error in either giving or refusing to give instructions. The counsel for the appellant has failed to point out any objection to the instructions given by the court; nor have they urged any reason or referred to any authority to show that the court erred in refusing to instruct as requested. Under these circumstances we do not feel called upon to set out the instructions, or vindicate the action of the court below. We are of the opinion that the court committed no error in overruling the motion for a new trial.

The third error assigned calls in question the correctness of that portion of the judgment which directs the sale of property without appraisement.

The appellees attempt to support the judgment on two grounds; first, that the claims in favor of plaintiffs and against Kennedy waived the appraisement laws, and that the judgments rendered thereon directed a sale without appraisement; second, that section 456, 2 G. & H. 244, provides, that "property conveyed by a debtor with intent to hinder, delay, or defraud creditors shall be sold without appraisement."

If this proceeding had been to set aside the sale of the property by Kennedy to the appellant as fraudulent, and that the same should be subjected to sale to satisfy the judgments of the plaintiffs, there would be no doubt that the specific property so fraudulently sold would be sold without appraisement; but this is an action to recover the value of the property wrongfully converted by the appellant; and we are of the opinion that the provision of the statute, in refer-

ence to the property fraudulently conveyed, cannot be extended to a personal judgment for the wrongful conversion of property fraudulently sold.

The general rule is, that property shall be sold, on a judicial sale, with appraisement.    It requires an express agreement to waive the appraisement, except as otherwise provided by law.    It is provided by section fifteen of an act concerning promissory notes, etc., 2 G. & H. 659, that, "upon any instrument of writing, made within this State, or elsewhere, containing a promise to pay money without relief from valuation laws, judgment shall be rendered and execution had accordingly."

The judgments in favor of plaintiffs and against Kennedy are only evidence of the indebtedness.    The appellant was not a party to them, and is not concluded by them.    The execution will not be issued on said judgments, but on the one against appellant.    There was no agreement on his part to waive appraisement, and we are of the opinion that the court erred in directing a sale without appraisement.

But we do not think that for this error a new trial should be granted.    The justice of the case does not require it. The error can be corrected by this court.    Such was the course pursued by this court in the case of *The Cincinnati, Peru, and Chicago Railroad Company* v. *Walker,* 14 Ind. 364.

That portion of the judgment which directs that the same should be collected without appraisement is reversed, with costs, and as to the residue of the judgment, it is affirmed.

*A. A. Rice* and *M. M. Milford,* for appellant.

*T. F. Davidson* and *J. Buchanan,* for appellees.